UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE MATHIEUS and
JEANNE HOLMGREN,

    Plaintiffs,

v.    Case No.:  2:22-cv-580-JLB-KCD

NATIONAL SPECIALTY
INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**[1]

This is an insurance case that Defendant removed based on diversity jurisdiction.

Federal courts are courts of limited jurisdiction and must inquire about jurisdiction sua sponte whenever it may be lacking. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).[2] A defendant may remove a civil case from state court provided it could have initially been brought in federal court.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

*See* 28 U.S.C. § 1441(a). Federal courts have diversity jurisdiction if the amount in controversy exceeds $75,000, and there is complete diversity of citizenship among the parties. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

The defendant seeking removal must establish diversity jurisdiction as of the date of the removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). And it is not enough to simply allege there is jurisdiction. Defendant must show, by a preponderance of the evidence, facts supporting jurisdiction. *Burns v. Windsor Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994). Removal jurisdiction also raises significant federalism concerns, and thus courts strictly construe removal statutes. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Any doubt as to the presence of jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Defendant does not adequately plead diversity of citizenship, alleging "upon information and belief" that Plaintiffs are citizens of Florida. (Doc. 1 at 3.) Citizenship cannot be supposed, "nor supplanted by considerations of convenience and efficiency." *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261, 1273 (11th Cir. 2000) ("Jurisdiction cannot be established by a

hypothetical."). To remedy this deficiency, Defendant may supplement the notice of removal. *See* 28 U.S.C. § 1653.

Finally, the Notice of Removal does not comply with Local Rule 1.08 governing typography (typeface must be Book Antiqua, Calisto MT, Century Schoolbook, Georgia, or Palatino; Times New Roman is permitted if the main text is at least 14-point, with other requirements). All future filings must comply with the Local Rules.

Accordingly, it is **ORDERED**:

Defendant must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject-matter jurisdiction by **September 28, 2022**. **Failure to do so will result in a recommendation this case be remanded for lack of subject-matter jurisdiction.**
**ENTERED** in Fort Myers, Florida this September 14, 2022.

Kyle C. Dudek
United States Magistrate Judge

Copies:  All Parties of Record

3