UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE MATHIEUS and JEANNE HOLMGREN,

      Plaintiffs,

v.                                                    Case No: 2:22-cv-580-JLB-KCD

NATIONAL SPECIALTY INSURANCE COMPANY,

      Defendant.
_____/

## ORDER

Plaintiffs George Mathieus and Jeanne Holmgren sued Defendant National Specialty Insurance Company ("NSIC") in the Twentieth Judicial Circuit on August 11, 2022, alleging that NSIC breached its insurance contract with Plaintiffs. (Doc. 1-1). NSIC removed this case on September 13, 2022. (Doc. 1). Plaintiffs have now moved for remand (Doc. 14), which NSIC opposes (Doc. 17). For the following reasons, Plaintiffs' motion is **DENIED**.

Plaintiffs' complaint states they are seeking "damages in excess of $30,001.00, exclusive of attorneys' fees and costs." (Doc. 1-1 at 2). But NSIC supported its removal with a Notice of Intent to Initiate Litigation, dated April 15, 2022, that listed a presuit settlement demand of $104,649.30. (Doc. 1-2 at 2, 13). That notice included a repair estimate of $99,149.30 from Archer Claims. (Doc. 1-2 at 3–10).

Now Plaintiffs move for remand, arguing that the amount in controversy at the time of removal was the amount spent on replacing the roof, plus additional amounts for interior repairs and attorneys' fees and costs, less Plaintiffs' deductible, totaling $51,705.23.  (Doc. 14 at 6).  In support, they have attached an email sent a week <u>after</u> the case was removed to this Court—September 20, 2022—from Plaintiffs' counsel informing NSIC's counsel that based on a "new roof price," the amount in controversy is around $50,000.  (Doc. 14 at 28).

NSIC states that it responded to the new information by offering to remand the case if Plaintiffs would stipulate to capping their total damages to $75,000.  (Doc. 17 at 6).  But Plaintiffs would not agree to NSIC's proposed stipulation.  (*Id.*).  NSIC has previously provided emails substantiating this exchange.  (Doc. 8-3; Doc. 8-4; Doc. 8-5; Doc. 8-6; Doc. 8-7).

The party attempting to remove a case to federal court bears the burden of establishing federal jurisdiction.  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010) (citations omitted).  When a plaintiff has not pleaded damages with specificity, a removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  *Id.* (citations omitted).  In determining whether the jurisdictional amount has been met, "'a court may rely on evidence put forward by the removing defendant, as well as reasonable inferences and deductions drawn from that evidence.'"  *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 913 (11th Cir. 2014) (quoting *S. Fla. Wellness v. Allstate Ins. Co.*, 745

F.3d 1312, 1315 (11th Cir. 2014)).  The jurisdictional facts "are evaluated as they stand at the time of removal." *Id*. (citation omitted).

Because NSIC did not receive Plaintiffs' lower estimate of their damages until <u>after</u> it filed the Notice of Removal, the amount-in-controversy requirement was satisfied at the time of removal.  *See Carrion v. Liberty Mut. Fire Ins. Co.*, No. 13-20792-CIV-MORENO, 2013 WL 12094850, at *1 (S.D. Fla. May 21, 2013) (denying remand where a defendant removed on the basis of plaintiff's claim estimate and did not receive a reduced estimate until after a notice of removal was filed).  And because Plaintiffs refused to stipulate that they would not seek more than $75,000, it can be inferred that they simply wish to avoid this Court's jurisdiction.  *See Turner v. Geovera Specialty Ins. Co.*, No. 18-62764-CIV-MARTINEZ/SNOW, 2019 WL 1116188, at *2 (S.D. Fla. Jan. 15, 2019), *report and recommendation adopted*, No. 18-62764-CIV, 2019 WL 2268974 (S.D. Fla. Jan. 31, 2019) ("Plaintiffs' decision to reduce their demand after the case was removed to this Court, without being willing to stipulate that their claim is below $75,000, indicates an attempt simply to avoid this Court's jurisdiction, and that attempt must fail.")

For the reasons stated above, Plaintiffs' Motion to Remand (Doc. 14) is **DENIED**.

**ORDERED** at Fort Myers, Florida on May 2, 2023.

*/s/ John L. Badalamenti*
JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE